Littleton, Judge,
delivered the opinion of the court:
There is no controversy in this case with reference to the ■facts. They show that the amount of $2,746.85 was an expense incurred and paid by plaintiff for temporary heat in ■excess of the amount which it would have been required to pay ■under the contract had defendant’s officers complied with the provisions of paragraph 6 of the specifications as set forth "in finding 4. The contracting officer and the head of the department so decided in their final findings upon plaintiff’s protest and appeal under article 15 of the contract. Paragraph 6 of the specifications provided with reference to '.temporary heat that “If steam lines are available from an *246 existing system belonging to the United States, temporary heat may be obtained by connecting the radiators for the building to the present system at such points as designated by the. Superintendent of Construction. All connections shall be made by the Contractor at his own expense, but the necessary steam for heat shall be furnished by the Government, after the building is fully enclosed, at no expense to the Contractor. If there is no existing system to connect to, the Contractor shall provide sufficient heat by connecting up the boiler to be installed in the building, or by other means ■ as approved by the Superintendent of Construction.” When it became necessary to furnish temporary heat, the steam lines from the existing heating system belonging to the defendant were available. Plaintiff made due and proper application to defendant’s superintendent of construction for permission to make connection with defendant’s steam lines but the defendant’s superintendent declined to permit plaintiff to do so on the ground that, although the steam lines were available, the size of defendant’s boiler, in addition to the distance between its location and the hospital buildings, made it impracticable to consider this boiler for furnishing steam for temporary heat at the buildings. There was nothing in the contract which conditioned the right of plaintiff to connect to the available steam lines of the defendant on the size of the boiler used by defendant to supply heat through the steam lines. Plaintiff protested this ruling to the contracting officer, the Commissioner of Indian Affairs, and insisted that it was entitled under the contract to make connection with the existing steam lines of defendant for the purpose of providing temporary heat. The contracting officer in his first decision of December 23, 1936, on this protest sustained the ruling of the superintendent of construction denying plaintiff the right to make connection to the steam lines, and plaintiff duly appealed to the head of the department. The head of the department, who was the Secretary of Interior,, considered plaintiff’s appeal, sustained its contention, and reversed the decision of the superintendent of construction and the contracting officer, and directed plaintiff, as set forth in finding 9, to submit its claim for the extra costs *247 on the regular government voucher form, supported by a statement of facts, through the office of the supervising construction engineer and the contracting officer for transmission to the General Accounting Office for settlement in due course. This decision of the head of the department was made July 20,1937. The contract had been completed and the work accepted May 3, 1937. The controversy arose during the progress of the work and plaintiff’s appeal to the head of the department was filed before the work was completed, but final decision was not made thereon until after the work had been completed and accepted. In accordance with the decision of the head of the department, plaintiff submitted its voucher as directed, and the supervising construction engineer and the contracting officer made extended findings' of fact thereon sustaining plaintiff’s claim and finding that it was entitled to payment of the net amount of $2,746.85, and these findings of fact were approved by the head of the department.
The Comptroller refused to pay plaintiff the extra costs incurred under the contract and determined as aforesaid, on the sole ground that the first decision of the contracting officer of December 23,1936, which plaintiff appealed to the head of the department, was final and conclusive under paragraph 4 of the specifications which provided that the contracting officer should be the interpreter of the specifications. This decision was clearly erroneous for the reason that it gave no consideration or effect whatsoever to the provision under article 15 of the contract which provides that all decisions which included interpretations, of the contracting officer were subject to written appeal and review by the head of the department, and that in case of appeal the decision of the head of the department would be final and conclusive upon the parties to the contract. See Fred B. Comb Co. v. United States, No. 45600, decided this day; post page 259.
Judgment will be entered in favor of plaintiff for $2,746.85. It is so ordered.
MaddeN, Jv/Ige; Whitaker, Judge\ and Wi-ialev, Chief Justice, concur.
JoNes, Judge, took no part in the decision of this case.